SHIVERS, Judge.
Appellant, Atlantic Beach Management, Inc. (ABM) appeals a final judgment entered against it in an action for damages and injunctive relief filed by appellee, The Breakers of Fort Walton Beach Condominiums, Inc. (The Association). We affirm in part and reverse in part.
The record on appeal indicates that a contract was entered into in 1982 between ABM and The Association, whereby ABM agreed to manage The Breakers Condominiums in Fort Walton Beach. Under paragraph 8.1 of the contract, ABM was required to collect all assessments and payments made by condominium unit owners, and was authorized by the Association to take any action which might be necessary to effectuate the collection.
At the time the contract was entered into, George Bull was President and sole shareholder of both ABM and of The Breakers of Fort Walton Beach, Florida, Inc. (the developer of the condominium project). In addition, Bull was manager of *316 the affairs of his wife, Mary Bull, who owned 16 condominium units at The Breakers.
In September of 1989, the Association filed an amended complaint against ABM, seeking a mandatory injunction for removal of a satellite dish owned by ABM from the condominium grounds, and seeking damages as a result of ABM’s alleged failure to collect past due condominium fees and assessments from both Mary Bull and from the developer corporation. After hearing evidence at trial, the court entered a final judgment in favor of the Association on both points, ordering ABM to remove the satellite dish from the condominium property within 45 days, and assessing damages in the amount of $93,954.45.
We affirm the grant of injunctive relief, finding that the trial court did not abuse its discretion. We reverse the award of damages, however, since the evidence established that ABM’s contractual duty to collect assessments and payments was modified, by agreement of both parties, at least as early as January 20, 1988, when ABM and the. Association signed a letter directing all condominium unit owners to make their payments directly to the Association instead of ABM beginning on March 1, 1988. The record also indicates, by way of two claims of lien filed against the units owned by Mary Bull, that the arrearages on those units did not begin to accrue until at least December of 1988. The record contains no indication of when the alleged arrearages of the developer corporation began to accrue. Therefore, even assuming ABM could have been held responsible under the contract for the unpaid assessments, there is no showing by the Association that ABM failed to collect those assessments while it was still contractually bound to do so. .We therefore reverse that portion of the final judgment awarding the Association damages in the amount of $93,-954.45.
We find no merit in appellant’s argument that the trial court erred in sustaining ap-pellee’s objection to a portion of George Bulls trial testimony, and in allowing ap-pellee to impeach another portion. AFFIRMED in part; REVERSED.
ZEHMER and KAHN, JJ., concur.